UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

EDWARD LEVI SINGER,                           |
a/k/a AL-MALIK FRUITKWAN SHABAZZ,             |
                                             |      Civil Action No. 6:12-00008-HRW
        Petitioner,                          |
                                             |
v.                                           |      **MEMORANDUM OPINION**
                                             |      **AND ORDER**
RICHARD IVES, *Warden*,                       |
                                             |
        Respondent.                          |

\*\*\*\*\*    \*\*\*\*\*    \*\*\*\*\*    \*\*\*\*\*

Petitioner Edward Levi Singer, who currently identifies himself as "Al-Malik

Fruitkwan Shabazz," is confined in the United States Penitentiary-McCreary, ("USP-

McCreary") located in Pine Knot, Kentucky. Singer has filed a *pro se* petition for

writ of habeas corpus pursuant to 28 U.S.C. § 2241, [D. E. No. 1].

As Singer has paid the $5.00 filing fee, the Court screens his original and

amended § 2241 petition pursuant to 28 U.S.C. § 2243. At the screening phase, the

Court must dismiss any petition that "is frivolous, or obviously lacking in merit, or

where . . . the necessary facts can be determined from the petition itself without need

for consideration of a return." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)

(citations omitted).[1]

---

[1]

The Court holds *pro se* pleadings to less stringent standards than those drafted by attorneys.
*Burton* v. *Jones,* 321 F.3d 569, 573 (6th Cir. 2003); *Hahn* v. *Star Bank,* 190 F.3d 708, 715 (6th Cir.

Singer alleges that the federal judge who sentenced him in April 2005 improperly used information contained in a preliminary sentencing report and considered factors which had not been proven to, and determined by, a federal jury. Singer claims that his resulting 235-month federal sentence violates the Due Process Clause of the Fifth Amendment of the United States Constitution.

Because Singer's post-conviction remedy in the federal court where he was convicted was not inadequate and ineffective to challenge his current detention, and because he is not actually innocent of the firearm offense of which he was convicted, his § 2241 petition will be denied, and this action will be dismissed with prejudice. Singer's motion asking the court to employ special procedures when mailing him Orders or other official documents, [D. E. No. 8], will be denied as moot.

## LITIGATION HISTORY

In October 2004 a federal jury found Singer guilty of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). *See United States v. Singer*, 3:04-CR-00210-SRU-1(D. Conn.) ("the Trial Court"). On April 5, 2005, the Trial Court sentenced Singer to a 235-month prison term, followed by a five-year term of supervised release. The Trial Court enhanced Singer's sentence

---

1999). During screening, the Court accepts as true a *pro se* litigant's allegations and liberally construes them in his favor. *Urbina* v. *Thoms,* 270 F.3d 292, 295 (6th Cir. 2001).

pursuant to the ACCA because he had previously been convicted of at least three violent felony offenses.  Singer appealed, but his conviction was affirmed.  *United States v. Singer*, No. 05-2010 (2nd Cir., July 27, 2007) (Unpublished).

Singer filed two prior § 2241 petitions in the Connecticut federal court attempting to challenge his sentence, but neither of those cases constituted a valid motion to vacate his sentence under 28 U.S.C. § 2255.  He filed this § 2241 petition on January 12, 2012.

## CLAIMS ASSERTED IN THE § 2241 PETITION

Singer broadly alleges that because the Trial Court lacked jurisdiction over the subject matter of his criminal proceeding, his conviction was obtained without due process of law in violation of the Fifth and Sixth Amendments of the United States Constitution.  While Singer's arguments are not entirely clear, he appears to allege that in preparing his Pre-Sentence Investigation Report, the United States Probation Office became a "charging party," and that the Trial Court improperly used information contained in the PSR when it sentenced him.

Singer alleges that "The Supreme Court settled the law of this matter on January 12, 2005, case No. 04-104, 04-105."  R. 1, p. 3.  Thus, he appears to assert a claim based on the United States Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005), which was decided on January 12, 2005.

3

### *BOOKER* DECISION

*Booker* was an extension of two prior Supreme Court decisions, *Apprendi v. New Jersey*, 530 U.S. 466, 124 S.Ct. 2531 (2000), and *Blakely v. Washington*, 524 U.S. 296, 124 S.Ct. 2531 (2004).   In *Apprendi*, the Supreme Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.*, 530 U.S. at 490.

In *Blakely*, the Supreme Court found that a Washington state court sentencing schedule which permitted the sentencing judge to enhance a defendant's sentence beyond the statutory maximum  was unconstitutional. The Court found that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely*, 124 S.Ct. at 2536.  According to *Blakely*, the "statutory maximum" for *Apprendi* purposes is "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 124 S.Ct. at 2537.

In *Booker*, the Supreme Court made *Apprendi* and *Blakely* applicable to the federal sentencing guidelines. *See Booker*, 125 S.Ct. at 756-758. *Booker* held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence

4

exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.*, 125 S.Ct. at 756.

Thus, it appears that Singer alleges that when the Trial Court sentenced him, it violated *Booker* by considering factors not proven beyond a reasonable doubt and determined by the jury that convicted him of the § 922(g)(1) firearm offense.

## DISCUSSION

### 1. Singer's § 2255 Remedy Was Not Inadequate or Ineffective

Title 28 U.S.C. § 2255 provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful sentence. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (citing 28 U.S.C. § 2255(a)). It is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, No. 4:10-cv-00036, 2010 WL at 3283018 at * 6 (E.D. Tenn., August 17, 2010).

The "savings clause" of § 2255 permits relief under § 2241 if § 2255 is "inadequate or ineffective to test the legality of the detention." *Terrell*, 564 F.3d at 447; *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004)); *see* 28 U.S.C. § 2255(e). A federal prisoner may not challenge his conviction and sentence under § 2241 "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion,

to the court which sentenced him, or that such court has denied relief." *See* 28 U.S.C. § 2255(e). He must prove that his § 2255 remedy is inadequate or ineffective to challenge the legality of his detention. *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).

Singer can not make this showing. First, *Booker* was rendered on January 12, 2005, almost four months *before* Singer was sentenced on April 6, 2005. The Trial Court record, however, contains no indication that Singer objected to his sentence on the grounds that it violated the then four-month old *Booker* decision. Second, it does not appear from the Second Circuit's opinion affirming Singer's conviction that on direct appeal Singer even raised a *Booker* claim challenging his sentence.

Third, (ignoring the two preceding issues), Singer had one year from the date on which his conviction became final to file a § 2255 motion in the Trial Court asserting a *Booker* claim, but he failed to do so. For the purpose of filing a motion under § 2255, the conviction of a federal criminal defendant who takes a direct appeal to the court of appeals becomes final "upon the expiration of the 90-day period in which the defendant could have petitioned for *certiorari* to the Supreme Court, even when no certiorari petition has been filed." *See* 28 U.S.C. § 2255(f)(1); *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004).

Singer filed a direct appeal of his conviction, and the Seventh Circuit affirmed

on July 20, 2007. It does not appear from the Trial Court record that Singer filed a petition for *certiorari* in the Supreme Court, so his conviction became final on October 20, 2007, ninety (90) days after the Second Circuit affirmed his conviction. Singer therefore had one year from that date, *i.e.*, until October 20, **2008**, in which to file a § 2255 motion in the Trial court asserting a *Booker* challenge to his sentence.

Singer filed two federal civil actions challenging his conviction and sentence prior to October 20, 2008. But as explained below, Singer's own acts and/or omissions prevented either case from constituting a valid post-conviction collateral challenge to his sentence, based on *Booker*, under § 2255.

A. Singer's First § 2241 Proceeding

On January 23, 2006, while his appeal was pending, Singer filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that he had been denied effective assistance of counsel during his trial. *Singer v. Sieminski*, 3:06-CV-00126 (D. Conn) ("the First § 2241 Petition"). The First § 2241 Proceeding was, however, procedurally improper and did not constitute a § 2255 motion. To cure the filing defect, on May 31, 2006, the district ordered Singer either to (1) recharacterize his petition as a motion pursuant to 28 U.S.C. § 2255; or (2) withdraw the petition. On June 7, 2006, Singer agreed that his § 2241 petition should be re-characterized as a § 2255 motion to vacate his sentence.

7

No action ensued in that First § 2241 Proceeding for almost a year. On May 3, 2007, the court re-characterized the First § 2241 Proceeding as a motion to vacate Singer's sentence under 28 U.S.C. § 2255, and re-assigned the case to Judge Stefan R. Underhill because he had presided over Singer's criminal case.

At that point, things were procedurally working in Singer's favor, but on June 27, 2007, Singer inexplicably filed a motion asking the Trial Court **to reclassify** the construed § 2255 motion back to a § 2241 petition. On October 12, 2007, the Trial Court denied Singer's request to reclassify his submission as a § 2241 petition, and gave him twenty days in which to either: (1) agree to the re-characterization of his § 2241 petition as a § 2225 motion, or (2) withdraw his § 2241 petition rather than have it re-characterized as a § 2255 motion. Singer did neither. On December 21,2007, the Judge Underhill dismissed the First § 2241 Proceeding pursuant to Local Rule 41(a) for failure to prosecute and failure to comply with a court order.

Regardless of Singer's refusal to allow the First § 2241 Proceeding to be properly analyzed as a § 2255 motion, he did not assert a *Booker* claim in the First § 2241 petition. Singer argued *only* that he had been denied effective assistance of counsel during his trial in violation of the Sixth Amendment, and he sought relief from his conviction and sentence on that ground, alone. Thus, even had the Trial Court ignored Singer's odd insistence that the First § 2241 Proceeding be treated as

a § 2241 petition, not as a § 2255 motion, his filing would not have helped him now, because nowhere in it did he challenge his sentence under *Booker*.

## B. Singer's Second § 2241 Proceeding

On April 16, 2007, while the First § 2241 Proceeding was pending, Singer filed a second § 2241 petition in the same district court. *See Singer v. Cuscovitch*, No. 3:07-Cv-00578-SRU (D. Conn.) ("the Second § 2241 Proceeding"). That time, Singer asserted a *Booker* challenge to his sentence. Although Singer had again filed a § 2241 petition instead of a § 2255 motion to vacate his sentence, the district court had no opportunity either to correct Singer's repeated filing defect or address the *Booker* claim on the merits, either as a § 2241 petition or as a § 2255 motion.

On May 10, 2007, the district court denied Singer's motion to proceed *in forma pauperis* and gave him thirty days in which to pay the $5.00 filing fee, but Singer did not pay the filing fee within that time. On June 18, 2007, the district court dismissed the Second § 2241 Proceeding without prejudice.

By failing to pay the $5.00 filing fee in the Second § 2241 Proceeding, Singer failed to perfect the *Booker* claim which he had finally asserted, albeit in another improperly filed § 2241 petition which would have likely been subject to eventual reclassification as a § 2255 motion. In summary, despite filing two prior § 2241 petitions in the Trial Court, Singer failed to present a properly perfected *Booker*

9

challenge to his sentence in the Trial Court *pursuant to § 2255*. This § 2241 petition is his third such petition.

Section § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *Id.* at 758. Singer's failure to assert a proper and timely *Booker* challenge to his sentence in the Trial Court under § 2255 did not render that remedy inadequate or ineffective to challenge his federal detention.

## 2. No Claim of Actual Innocence

The savings clause of § 2255 can implicate § 2241 when the movant alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003), which requires "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. at 623-24; *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998); *Reyes-Requena v. United States,* 243 F.3d 893, 903-04 (5th Cir. 2001). He must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Singer does not allege that after he was convicted, new facts or evidence surfaced suggesting that he is actually innocent of the § 922(g)(1) felon-in-possession offense of which he was convicted. Singer instead challenges only the manner in which the Trial Court calculated his sentence, a claim which is is at best one of "legal

10

innocence," not "actual innocence," of the underlying firearm offense for which he was convicted. *See Poole v. Barron*, No. 04-CV-95, 2004 WL 5605485 * 5 (E. D. Ky., May 26, 2004).

The savings clause of § 2255 does not extend to a § 2241 petitioner challenging his sentence, rather than the underlying offense(s) of which he was convicted. *Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009); *United States v. Poole*, 531 F .3d 263, 267 n. 7 (4th Cir. 2008); *Howard v. Shartle*, No. 4:10-CV-01128, 2010 WL 2889104, at *2 (N. D. Ohio July 20, 2010); *McKelvey v. Rivera*, No. 4:10-422, 2010 WL 2985965, at *4, (D.S.C. June 18, 2010). "No apparent legal authority supports the notion that this court, pursuant to § 2241, may adjudicate whether Petitioner is actually innocent of a sentence-enhancing prior offense." *Evans v. Rivera*, No. 09-1153, 2009 WL 2232807, at* 4 (D.S.C., July 23, 2009).

Finally, even if Singer's *Booker* claim were not time-barred, the *Booker* decision would not assist him in this § 2241 proceeding. The United States Supreme Court has not expressly held that *Apprendi* applies retroactively to cases on collateral review. *In re Clemmons*, 259 F.3d 489 (6th Cir. 2001); *Perkins v. Thoms*, 23 F. App'x. 256 (6th Cir. 2001). Thus, *Apprendi* does not permit a prisoner to assert an actual-innocence claim under the savings clause of § 2255. *Bannerman v. Snyder*, 325 F.3d 722 723-724 (6th Cir. 2003).

11

Likewise, because *Booker* established a new rule of criminal procedure, it does not apply retroactively to cases on collateral review, such as Singer's current § 2241 petition. *See Humphress v. United States*, 398 F.3d 855, 860 (6th Cir.2005); *United States v. Saikaly*, 424 F.3d 514, 517 (6th Cir. 2005); *Swain v. United States*, 155 F. App'x 827, 832 (6th Cir. 2005) ("Yet neither *Blakely* nor its federal counterpart...*Booker*... may be invoked on collateral review.").[2]

Because Singer has not shown that his remedy under § 2255 was inadequate or ineffective to challenge his detention, that he is actually innocent of the § 922(g)(1) firearm offense of which he was convicted, or that a retroactively applicable Supreme Court decision affords him relief, the savings clause of § 2255 does not apply. Singer's § 2241 petition will be denied, his motion concerning mailing procedures will be denied as moot, and this action will be dismissed.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

---

[2]

Singer complains that he does not have ". . .access to legal reference materials in prison on para [sic] with those answering this petition." [D. E. No. 1, p. 3]. He alleges that "This unequality [sic] works a disparity which makes one party superior to the other a basic unfairness, denial to equal access to the law." [*Id.*].

Singer's complaints about the USP-McCreary law library lack merit for two reasons. First, claims challenging conditions of federal confinement, such as the alleged inadequacy of a prison law library, must be asserted in a civil rights action under 28 U.S.C. § 1331, not in a § 2241 petition. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004). Second, even if Singer had access to a law school library, he could not change the fact that in this circuit, *Booker* does not apply retroactively to cases on collateral review.

(1)     Edward Levi Singer's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, [D. E. No. 1], is **DENIED**;

(2)     Singer's motion requesting the Court to use special procedures to mail him Orders and other official documents, [D. E. No. 8], is **OVERRULED** as **MOOT**;

(3)     This action is **DISMISSED**, *sua sponte*, with prejudice from the active docket; and

(4)     Judgment will be entered contemporaneously with this Memorandum Opinion and Order in favor of Respondent Richard Ives, Warden of USP-McCreary.

This 27th day of February, 2012.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge

13